**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**KELLY ROSS**                                                                                    **PLAINTIFF**

**v.**                                                                              **No. 3:26-cv-00070-MPM-JMV**

**JOY CAMPANELLI, GENINE D. EDWARDS,**
**and BRIAN GOTTLIEB**                                                                **DEFENDANTS**

**ORDER OF DISMISSAL**

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Jane M. Virden entered on April 2, 2026 [4]. The R&R recommends that the Court dismiss Plaintiff Kelly Ross' Complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, failure to state any factual basis for federal court jurisdiction, and frivolity. Ms. Ross filed no objections. The Court has reviewed the record and finds that the R&R should be adopted.

On March 31, 2026, Kelly Ross filed this *pro se* action against Joy Campanelli, Genine D. Edwards, and Brian Gottlieb. *See* [1]. Because Ms. Ross is seeking leave to proceed in forma pauperis [2], her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for the *sua sponte* dismissal of the complaint if the court finds it is "frivolous or malicious" or if it "fails to state a claim on which relief may be granted." A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the reasons stated below, the Court finds that Ms. Ross' complaint fails to state a claim on which relief may be granted.

Ms. Ross' one-page complaint, in its entirety, alleges the following:

> "1. Defendants had ex parte communication, 2. This case is within federal jurisdiction, 3. Plaintiff demands damages to be decided by the Court."

*See* [1]. This blanket assertion falls far short of a plausible claim. Ms. Ross provides no facts in support of her allegations that the Defendants engaged in ex parte communications or any facts about this Court's federal jurisdiction. Conclusory allegations or legal conclusions masquerading as factual conclusions are insufficient to state a claim. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

On April 2, 2026, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation [4] recommending that this case be dismissed without prejudice. The R&R referred Ms. Ross to Federal Rule of Civil Procedure 72(b) for the appropriate procedure to file objections within fourteen (14) days. The Magistrate Judge further pointed out that Ms. Ross, in the month of April alone, had filed identical complaints against the same Defendants in thirty-eight other districts across the nation, demonstrating a pattern of vexatious litigation that wastes judicial resources. [4] at 2-3. The R&R was returned as undeliverable, and Ms. Ross did not object. [5].

IT IS, THEREFORE, ORDERED that:

1.  The Report and Recommendation [4] is ADOPTED as the opinion of the Court; and

2.  Plaintiff Kelly Ross' Complaint [1] is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate judgment will be entered on this date, pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this is the 14th day of May, 2026.

  /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

2